**Mikhael Hana MORKOS, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 04–5717–ag.

United States Court of Appeals,
Second Circuit.

May 15, 2006.

Michael Boyle, Justin Conlon, North Haven, Connecticut, for Petitioner.

Steven M. Biskupic, United States Attorney for Eastern District of Wisconsin, Stacy C. Gerber Ward, Assistant United States Attorney, Milwaukee, Wisconsin, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Mikhael Hana Morkos, through counsel, petitions for review of the BIA order affirming the decision of Immigration Judge ("IJ") Michael W. Straus denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), in which his wife, Manal Bedrous, and daughter, Mima Hana, were named derivative beneficiaries. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision with-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

out opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 238 (2d Cir.1992). Questions of law, such as assertions that the IJ used the incorrect standard of law, are reviewed *de novo. See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

If an applicant demonstrates past persecution, there is a presumption of a well-founded fear of persecution. 8 C.F.R. § 208.13(b)(1). That presumption can be rebutted by the government if it shows, by a preponderance of the evidence, that "the applicant can avoid future persecution by relocating to another part of the applicant's country of nationality ... and under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 208.13(b)(1)(i)(B). In evaluating whether the government met its burden of proof, the IJ must consider two different factors: 1) whether the applicant could avoid persecution by relocating and 2) whether it is reasonable, under all of the circumstances, for the applicant to relocate. *See Hong Ying Gao v. Gonzales*, 440 F.3d 62, 71–72 (2d Cir.2006). The regulations further direct the agency to consider various factors, such as on going civil strife in the country of removal, political infrastructure, social and cultural constraints, and family ties, in determining whether it is reasonable for an applicant to internally relocate. 8 C.F.R. § 208.13(b)(3).

Even though the burden was correctly placed on the government, the IJ did err in his analysis of the two-part relocating finding. First, the IJ failed to make a finding as to whether relocation within Egypt was a reasonable option, and the government concedes this point. Despite the government's argument that this is irrelevant, the IJ erred because he did not actually consider all of the circumstances presented, as required by 8 C.F.R. § 208.13(b)(3). The IJ failed to consider whether it is reasonable for an individual and his family to remain in hiding in order to avoid persecution from particular individuals. Moreover, the IJ failed to take all of the country conditions information into account. In his decision, the IJ cites to the country reports in support of his conclusions that (1) the Muslim men who had persecuted Morkos would not seek him throughout Egypt and (2) the number of Coptic Christians forced to convert to Islam is insignificant. The IJ does not discuss, however, whether Morkos would be free of persecution from other persons if he were to relocate within Egypt. Without analyzing Morkos's particular circumstances in light of the overall country conditions regarding Coptic Christians, the IJ failed adequately to address the first element of internal relocation analysis by reference to the totality of the circumstances.

Second, the IJ erred by applying the wrong standard of law. To demonstrate the viability of relocation the government must prove not only that the individuals who persecuted Morkos in the past would not persecute him if he moved to a different area of Egypt, they must show that Morkos would not be persecuted by anyone on account of his religion in a different area of Egypt. *See* 8 C.F.R. § 208.13(b)(1)(i)(B); *see also Hong Ying Gao*, 440 F.3d at 71–72. In this case, the IJ did not address whether there is widespread persecution against Coptic Christians in Egypt, other than attempts to convert Christians to Islam. Accordingly we cannot determine whether the IJ's relocation finding is not supported by substantial evidence.

Morokos does not raise any issued regarding the denial of his withholding of

removal or CAT claims in his brief to this Court. Accordingly, we deem these claims waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).